**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2403-23

CHARLES M. GILBERT,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

          Submitted May 28, 2025 – Decided June 9, 2025

          Before Judges Firko and Bishop-Thompson.

          On appeal from the New Jersey Department of Corrections.

          Charles M. Gilbert, appellant pro se.

          Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Hilary Cohen, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Charles M. Gilbert, who is incarcerated in state prison, appeals from a February 9, 2024 final agency decision of the New Jersey Department of Corrections (NJDOC), which upheld a finding of guilt and sanctions imposed for prohibited act *.004, fighting with another person, in violation of N.J.A.C. 10A:4-4.1(a). Gilbert argues those findings were not supported by substantial, credible evidence, and his due process rights were violated. We reject those arguments and affirm because there is substantial, credible evidence supporting the findings, and Gilbert was accorded due process.

## I.

The charges against Gilbert arose out of a fight he had with two other inmates. On February 1, 2024, at approximately 11:12 p.m., Corrections Officer Ryan Cobb was on duty and heard yelling on unit three west. Cobb walked over to that unit, peered through a gate, and observed a large group of inmates "standing in the middle of the unit . . . acting like something was going on." Cobb contacted Sergeant John Mitchell. The two officers walked through the unit but found no issues to report.

Cobb and Mitchell reviewed video footage from surveillance cameras from the unit. Mitchell noted the video footage showed that "inmate Singleton . . . briefly argu[ed] with inmate Summers," and Summers began to walk away

down the tier with Singleton following closely behind. Mitchell observed the video footage showed Singleton swung at Summers three times with a closed fist, striking him once. Mitchell stated Summers walked out of view, returned, walked to the rear of the tier, and then exchanged closed fist punches with Gilbert.

The officers escorted Gilbert, Singleton, and Summers to the clinic for evaluation. Neither Gilbert nor Singleton had any injuries, but Summers had a small cut above his lip. Gilbert was charged with committing prohibited act *.004. Gilbert requested and was granted counsel substitute, and a hearing was conducted before a disciplinary hearing officer (DHO).

At the hearing, Gilbert pled not guilty to the charge. Gilbert testified that he and Summers were simply "horseplaying," "never had a fight," and "never exchanged punches." Gilbert declined to call any witnesses and did not request to confront any adverse witnesses. Gilbert's counsel substitute argued the video footage demonstrated that Gilbert had not been fighting.

The DHO found Gilbert guilty of the *.004 charge and imposed the following sanctions: ninety days in the restorative housing unit; ninety days loss of commutation time; and third days loss of recreational privileges. The DHO noted Gilbert's prior disciplinary history and his lack of a mental health

3

history in imposing these sanctions. The DHO determined that the sanctions imposed were necessary to deter fighting.

Gilbert administratively appealed. In that appeal, Gilbert asserted for the first time that he acted in self-defense and was not engaged in horseplay. Gilbert claimed he felt uncomfortable asserting a self-defense claim at the hearing because other inmates were present. According to Gilbert, he instructed his counsel substitute to inform the DHO about his self-defense claim after the hearing. In his administrative appeal, Gilbert contended that Singleton assumed responsibility for the fighting. Gilbert also requested that the Assistant Superintendent review the video footage and to vacate the charge or show leniency by suspending or modifying the sanctions.

The NJDOC upheld the finding of guilt but modified the sanctions imposed by reducing the loss of recreational privileges from thirty days to ten days. Gilbert now appeals from the NJDOC's final agency decision. He argues the NJDOC's findings were not supported by substantial, credible evidence, and his due process rights were violated. In particular, Gilbert maintains he never threw any punches and was never involved in a fight with Summers or any other inmate.

A-2403-23

Our review of an administrative decision is limited. <u>Malacow v. N.J. Dep't of Corr.</u>, 457 N.J. Super. 87, 93 (App. Div. 2018). "We will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" <u>Blanchard v. N.J. Dep't of Corr.</u>, 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting <u>Henry v. Rahway State Prison</u>, 81 N.J. 571, 580 (1980)); <u>see also</u> N.J.A.C. 10A:4-9.15(a) (providing that a finding of guilt on a disciplinary charge must be based on "substantial evidence"). "Substantial evidence has been defined alternately as 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' and 'evidence furnishing a reasonable basis for the agency's action.'" <u>Blanchard</u>, 461 N.J. Super. at 238 (quoting <u>Figueroa v. N.J. Dep't of Corr.</u>, 414 N.J. Super. 186, 192 (App. Div. 2010)).

When reviewing a prison disciplinary matter, we also consider whether the DOC followed the regulations adopted to afford inmates procedural due process. <u>See</u> <u>McDonald v. Pinchak</u>, 139 N.J. 188, 194-95 (1995); <u>Jacobs v. Stephens</u>, 139 N.J. 212, 220-22 (1995). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [to] a defendant

in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). Inmates' more limited procedural rights, initially set forth in Avant v. Clifford, 67 N.J. 496, 525-46 (1975), are codified in a comprehensive set of regulations. N.J.A.C. 10A:4-9.1 to -9.28. Those regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams v. Dep't of Corr., 330 N.J. Super. 197, 203 (App. Div. 2000).

Applying these principles, we are satisfied that substantial, credible evidence in the record supports the findings of guilt, and that Gilbert received all the procedural due process to which he was entitled. Gilbert received notice of the charges more than twenty-four hours before the hearing. He was also accorded the assistance of counsel substitute at the hearing. The hearing was then conducted before the DHO. Gilbert had the opportunity to call and confront witnesses, although he elected not to do either.

The finding that Gilbert had fought with other persons was supported by the video footage, which showed Singleton fighting with Summers, and thereafter, Summers fighting with Gilbert. Moreover, the guilty finding is supported by the accounts given by Cobb and Mitchell, who heard yelling in the

6

unit but noted that the disturbance had quieted down by the time of their arrival. However, the officers observed "a group of inmates standing in the middle of the unit and acting like something was going on." The officers then proceeded to walk through the tier and reviewed the video footage, which coincided with the timeframe when Officer Cobb heard the commotion in the unit.

Gilbert failed to present any evidence that he acted in self-defense. See N.J.A.C. 10A:4-9.13(f) (listing the evidence an inmate must present to prove self-defense); see also DeCamp v. N.J. Dep't of Corr., 386 N.J. Super. 631, 640 (App. Div. 2006) (explaining what a hearing officer must consider in evaluating an inmate's claim of self-defense).

Gilbert offered no evidence to rebut the video footage. Instead, he contends that a statement made by the Assistant Superintendent that "[t]here is no horseplaying in prison" does not constitute "fighting" under N.J.A.C. 10A:4-4.1, and thus, his due process rights were violated. We are unpersuaded.

Gilbert's argument in this regard fails to consider the video footage showing Singleton and Summers arguing, Singleton punching Summers with a closed fist, and Summers then exchanging closed first punches with Gilbert. The record supports that determination. Moreover, the Assistant Superintendent

found the *.004 fighting charge was "fair" and "supported by substantial evidence."

Applying our deferential standard of review, we have no cause to disturb the NJDOC's decision as its determination conformed to the law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2403-23